UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, NATIONAL FEDERATION OF THE BLIND, INC., NATIONAL FEDERATION OF THE BLIND OF MASSACHUSETTS, INC., ADRIENNE ASCH, JENNIFER BOSE, THERESA JERALDI AND PHILIP OLIVER, | ) ) ) ) ) ) | |
| | ) | CIVIL ACTION NO. 03 11206-MEL |
| Plaintiffs | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| E*TRADE ACCESS, INC., E*TRADE BANK, CARDTRONICS, LP, and CARDTRONICS, INC. | ) ) ) | |
| | ) | |
| Defendants | ) | |

## THIRD AMENDED COMPLAINT

### NATURE OF THE CASE

1.      Plaintiff Commonwealth of Massachusetts, by and through its Attorney General, Thomas Reilly, and Plaintiffs, the National Federation of the Blind, Inc. and the National Federation of the Blind of Massachusetts, Inc. (collectively "Organizational Plaintiffs"), and Adrienne Asch, Jennifer Bose, Theresa Jeraldi and Philip Oliver, individuals who are legally blind (collectively "Individual Plaintiffs"), by their undersigned counsel, bring this complaint against the Defendants E*TRADE Access, Inc., E*TRADE Bank, Cardtronics, LP, and Cardtronics, Inc., individually and jointly, for (1) E*TRADE Bank's failure to offer E*TRADE banking services, the services of a public accommodation, through ATMs that are accessible to blind people; (2) the Defendants' ownership, operation, control and/or leasing of inaccessible ATMs that are public accommodations, that offer the services of a public accommodation, and that are located in places of public accommodation, in violation of Title III of the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12182 and 12183 and the regulations promulgated thereunder, 28 C.F.R. Part 36.101 *et seq.*, the Massachusetts Public Accommodations Act, Mass. Gen. Laws ch. 272, §§ 92A and 98, and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103.

Plaintiffs seek injunctive relief requiring Defendants to make accessible the existing and newly installed ATMs through which E*TRADE Bank offers banking services, and/or those ATMs that Defendants own, operate, control and/or lease, so that banking services that are available to a sighted user of these ATMs are similarly independently available to blind people, of whom there are approximately 1.1 million nationwide, including approximately 35,000 in Massachusetts. Plaintiffs also seek compensatory and punitive damages as a result of Defendants' knowing, intentional and deliberate disregard of the law.

## JURISDICTION AND VENUE

2.      This action is authorized by 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 12188. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, since each Defendant transacts business in the Commonwealth, maintains facilities in the Commonwealth and the claims against each Defendant arise out of the transaction of business in Massachusetts. The Court also has supplemental jurisdiction over the state law claims at issue pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), since each Defendant, as a corporation, is subject to personal jurisdiction in this District because a substantial part of the events giving rise to this action occurred and continue to occur in this District.

2

## PARTIES

4.      The Commonwealth of Massachusetts, represented by the Attorney General, brings this action in the public interest. The Attorney General's principal office is located at One Ashburton Place, Boston, Massachusetts. The Attorney General is authorized to bring this action on behalf of the Commonwealth pursuant to Mass. Gen. Laws. ch. 151B, § 5, in addition to other statutory and common law authority to bring legal actions in the public interest. *See, e.g.,* Mass. Gen. Laws ch. 12, § 10.

5.      The National Federation of the Blind ("NFB" or "Federation"), the leading national organization of blind persons, is a non-profit corporation duly organized under the laws of the District of Columbia with its principal place of business in Baltimore, Maryland. It has affiliates in all 50 states, Washington, DC and Puerto Rico. The vast majority of the Federation's approximately 50,000 members are blind persons and therefore members of the protected class of disabled persons under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA contained in 28 C.F.R. §§ 36.101, *et seq.,* the Massachusetts Public Accommodations Act, Mass. Gen. Laws ch. 272, § 98, and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103. The Federation is widely recognized by the public, Congress, executive agencies of government and the courts as a collective and representative voice on behalf of blind Americans and their families. The purpose of the NFB is to promote the general welfare of the blind by (1) assisting the blind in their efforts to integrate themselves into society on terms of equality and (2) removing barriers and changing social attitudes, stereotypes and mistaken beliefs sighted and blind persons hold concerning the limitations created by blindness that result in the denial of opportunity to blind persons in virtually every sphere of life. The NFB and many of its members have long been actively involved in promoting adaptive technology for

3

the blind, so that blind persons can live and work independently in today's technology-dependent world. NFB members reside throughout the United States, including the Commonwealth of Massachusetts, and many of its members would use the ATMs and the services offered by Defendants if they were made independently usable by the blind.

6.    The National Federation of the Blind of Massachusetts, Inc. ("NFB-Massachusetts"), an affiliate of the NFB, is a non-profit corporation duly organized under the laws of the Commonwealth of Massachusetts, with its administrative office located in Somerset, Massachusetts. NFB-Massachusetts currently has eight local chapters and approximately three hundred members. All members of NFB-Massachusetts are also members of NFB. NFB-Massachusetts members reside and work throughout the Commonwealth and many members would use the ATMs offered by Defendants if they were made independently usable by the blind.

7.    Adrienne Asch, a blind resident of Cambridge, Massachusetts, is a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA contained in 28 C.F.R. §§ 36.101, *et seq.*, the Massachusetts Public Accommodations Act, Mass. Gen. Laws ch. 272, § 98, and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103. Ms. Asch is a professor of Bioethics at Wellesley College. She would like to use the ATMs offered by Defendants if they were made independently usable by the blind, and to have the choice to be an E*TRADE Bank account holder if that bank's services were independently usable by the blind.

8.    Jennifer Bose, a blind resident of Brookline, Massachusetts, is a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA contained in 28 C.F.R. §§ 36.101, *et seq.*, the Massachusetts Public Accommodations Act, Mass. Gen. Laws ch. 272, § 98, and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93,

4

§ 103. Ms. Bose is a researcher at the Institute for Community Inclusion in Boston, Massachusetts. Ms. Bose would like to use the ATMs offered by Defendants if they were made independently usable by the blind, and to have the choice to be an E*TRADE Bank account holder if that bank's services were independently usable by the blind.

9.      Theresa Jeraldi, a blind resident of Watertown, Massachusetts, is a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA contained in 28 C.F.R. §§ 36.101, *et seq.*, the Massachusetts Public Accommodations Act, Mass. Gen. Laws ch. 272, § 98, and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103. Ms. Jeraldi is a retired employee of the Office of Civil Rights of the United States Department of Education. She would like to use the ATMs offered by Defendants if they were made independently usable by the blind, and to have the choice to be an E*TRADE Bank account holder if that bank's services were independently usable by the blind.

10.      Philip Oliver, a blind resident of Leominster, Massachusetts, is a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA contained in 28 C.F.R. § § 36.101, *et seq.*, the Massachusetts Public Accommodations Act, Mass. Gen. Laws ch. 272, § 98, and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103. Mr. Oliver is employed by the Massachusetts Commission for the Blind and would like to use the ATMs offered by Defendants if they were made independently usable by the blind, and to have the choice to be an E*TRADE Bank account holder if that bank's services were independently usable by the blind.

11.     E*TRADE Access, Inc. ("E*TRADE Access"), an Oregon corporation with its principal place of business in Arlington, Virginia, is a subsidiary of E*TRADE Bank. Prior to June 2, 2004, E*TRADE Access owned, operated, controlled and/or leased ATMs under the E*TRADE name.

12.     E*TRADE Bank, a federally chartered savings bank with its principal place of business in Arlington, Virginia, is a wholly-owned subsidiary of E*TRADE Financial Corporation. E*TRADE Bank is a public accommodation pursuant to 42 U.S.C. § 12181(7)(f) that offers banking services under the E*TRADE name, including the withdrawal of funds, the making of deposits, and the verification of deposits, at over 15,000 ATMs across the United States, including more than 600 in Massachusetts.

13.     Cardtronics, LP is a limited partnership organized under the laws of Delaware with a principal place of business at 3000 Hayes Road, Suite 101, Houston, Texas.

14.     Cardtronics, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 3000 Hayes Road, Suite 300, Houston, Texas.

15.     Prior to June 2, 2004, Cardtronics, LP and Cardtronics, Inc. ("Cardtronics") owned, operated, controlled and/or leased more than 12,000 ATMs nationwide.

16.     On or about June 2, 2004, Cardtronics, LP acquired the ATM business of E*TRADE Access, Inc. The acquisition included approximately 13,200 active ATMs, increasing the ATM network owned, operated, controlled and/or leased by Cardtronics to over 25,000 ATMs nationwide and making Cardtronics the nation's largest independent owner/operator of ATMs.

6

## FACTS

17.    Prior to June 2, 2004, E*TRADE Access held legal title to only a few thousand of the more than 15,000 ATMs it operated within its network (approximately 17 in Massachusetts). After demand and as a result of negotiation, E*TRADE Access agreed to make these ATMs accessible to the blind.

18.    Prior to June 2, 2004, E*TRADE Access operated and controlled the balance of ATMs in its fleet at the site of various retail merchants, pursuant to a variety of contractual arrangements with the merchants.  On information and belief, E*TRADE Access leased back from merchants some of the ATMs it operated and controlled, including some of the ATMs it operated and controlled within Massachusetts.  As of June 2, 2004, E*TRADE Access had not made these ATMs accessible to the blind.  As a result of the June 2, 2004, acquisition of E*TRADE Access's ATM business by Cardtronics, Cardtronics now operates, controls and/or leases all of these ATMs, upon information and belief, under the E*TRADE name ("E*TRADE ATMs").

19.    In addition to the E*TRADE ATMs, Cardtronics continues to own, operate, control and/or lease more than 12,000 ATMs nationwide. ("Cardtronics ATMs").

20.    At all times relevant to this action, E*TRADE Bank has offered its banking services, including fee-free transactions to E*TRADE Bank account holders, through E*TRADE ATMs.

21.    Each E*TRADE ATM (a) displays the E*TRADE logo, and (b) offers fee-free transactions to E*TRADE Bank account holders.  In addition, E*TRADE Bank represents on its website that it operates the second largest network of ATMs in the United States.

7

22.     E*TRADE Bank, each E*TRADE ATM, each Cardtronics ATM, each of the
locations in which those ATMs are found, and the network of E*TRADE and Cardtronics ATMs
are all public accommodations as defined by Title III of the ADA, 42 U.S.C. § 12181(7), the
regulations implementing the ADA contained in 28 C.F.R. §§ 36.101, *et seq.,* and the
Massachusetts Public Accommodations Act, Mass. Gen. Laws ch. 272, § 92A.

23.     The banking services offered through E*TRADE and Cardtronics ATMs in
Massachusetts constitute a program or activity under Article 114 of the Amendments to the
Massachusetts Constitution, Mass. Const. amend. CXIV, and the services and facilities of a
public accommodation under 42 U.S.C. § 12181.

24.     E*TRADE and Cardtronics ATMs are inaccessible because they use computer
screen text prompts that are undetectable to blind people to guide customers through banking
transactions. These computer screen text prompts are not translated into a medium accessible to
the blind, such as audio output.

25.     Currently, if a blind person enters the wrong personal identification number
("PIN") into an E*TRADE or Cardtronics ATM, the ATM may retain his or her card. Also, a
blind person who presses an incorrect function key on an E*TRADE or Cardtronics ATM
has no way of knowing that he or she has made a mistake in the transaction.

26.     As a result of this inaccessibility, the Individual Plaintiffs and members of the
Organizational Plaintiffs, unlike persons without visual impairments, are not able to
independently use E*TRADE or Cardtronics ATMs.

27.     E*TRADE and Cardtronics ATMs threaten blind people with loss of their private
information. Blind people who wish to use an E*TRADE or Cardtronics ATM have no choice
but to repeatedly reveal their private PINs to others to complete an ATM banking transaction.

8

28.     As a result, unlike persons who are not blind, the Individual Plaintiffs and members of the Organizational Plaintiffs who wish to use an E*TRADE or Cardtronics ATM are not able to maintain the security of their private PINS.

29.     Although some E*TRADE and Cardtronics ATMs have Braille keypads and labels, this feature is not an effective accommodation under the ADA:

a.     Not all persons who are blind read Braille. In fact, current national figures estimate a Braille literacy rate of only 15% among persons who are blind; and

b.     Braille keypads and labels are static and do not provide sequential computer screen instructions or any information about the contents of any given screen.

30.     The only effective means to make E*TRADE and Cardtronics ATMs accessible to blind people is through voice guidance technology. Voice guidance technology allows a blind person to plug a personal headphone into a universal audio jack and hear the step-by-step instructions as they appear on the ATM screen. Voice guidance technology orients a blind person to the features of an ATM, the operational options of the machine, and the details for each function of the machine. Voice guidance technology also provides a verification mechanism through which a blind person may confirm that a number he or she has entered on the keypad is the number he or she intended to enter, or that the transaction chosen was the intended transaction.

31.     Voice guided technology has been widely used in a variety of other contexts for decades and has been readily available for application to ATMs. It has long been affordable and available as an option with the purchase of new ATMs or as an upgrade for existing ATMs, and competitors of the Defendants have offered voice guidance technology at ATMs they own, operate, and/or lease. Moreover, prior to the acquisition of June 2, 2004, E*TRADE Access was in the process of implementing voice guidance technology for the ATMs it owned.

9

32.    Without injunctive relief, Individual Plaintiffs and members of the Organizational Plaintiffs will continue to be unable to independently use E*TRADE and Cardtronics ATMs in violation of their rights under the ADA, the Massachusetts Public Accommodations Act, and the Massachusetts Equal Rights Act.

### COUNT I

### (Violation of the ADA's Full and Equal Enjoyment of Services Mandate)

33.    The allegations contained in the previous paragraphs are incorporated by reference.

34.    Plaintiffs Adrienne Asch, Jennifer Bose, Theresa Jeraldi and Philip Nathaniel Oliver and Organizational Plaintiffs' members are legally blind and recognized as a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA contained in 28 C.F.R. §§ 36.101, *et seq.*

35.    E*TRADE Bank is a public accommodation, and each Defendant owns, operates, controls and/or leases a place of public accommodation as defined by Title III of the ADA, 42 U.S.C. § 12181(7)(F).

36.    Each Defendant, in violation of 42 U.S.C. § 12182(a), has failed to make its ATM banking services fully accessible and independently usable by individuals who are blind.

### COUNT II

### (Violation of ADA's Reasonable Modification Mandate)

37.    The allegations contained in the previous paragraphs are incorporated by reference.

38.    Each Defendant, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), has failed to make reasonable modifications (by failing to modify policies, practices and procedures) necessary to

make its ATM banking services fully accessible and independently usable by individuals who are blind.

39.     Modifying its policies, practices and procedures to afford blind persons full accessibility and independent use of ATMs would not fundamentally alter the nature of Defendants' banking services.

### COUNT III

### (Violation of the ADA's Auxiliary Aids and Services Mandate)

40.     The allegations contained in the previous paragraphs are incorporated by reference.

41.     Defendants, in violation of the auxiliary aids and services provision of the ADA 42 U.S.C. § 12182(b)(2)(A)(iii), have failed to make their ATM banking services fully accessible and independently usable by blind persons.

42.     Providing auxiliary aids and services to make ATMs the Defendants own, operate, control and/or lease, or through which E*TRADE Bank offers its banking services, accessible to and independently usable by blind persons would neither fundamentally alter the nature of Defendants' banking services nor result in an undue burden.

### COUNT IV

### (Violation of the ADA's Communication Barrier Removal Mandate)

43.     The allegations contained in the previous paragraphs are incorporated by reference.

44.     Each Defendant, in violation of 42 U.S.C. §12182 (b)(2)(A)(iv), has failed to remove communication barriers from the ATMs it owns, operates, controls and/or leases, or through which E*TRADE Bank offers its banking services.

11

45.     Installing voice guidance technology to make ATMs the Defendants own, operate, control and/or lease, or through which E*TRADE Bank offers its banking services, accessible to and independently usable by persons who are blind is readily achievable.

## COUNT V

## (Violation of the ADA's New Construction Mandate)

46.     The allegations contained in the previous paragraphs are incorporated by reference.

47.     Each Defendant, in violation of 42 U.S.C. §12183, owns, operates, controls and/or leases or offers banking services through, ATMs that were installed after January 26, 1993 and are not readily accessible to and independently usable by blind persons.

48.     Defendants are required to comply with the standards for accessible design set forth in the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").  28 C.F.R. § 36.406. ADAAG Section 4.34.5 requires that "[i]nstructions and all information for use [in ATM's] shall be made accessible to and independently usable by persons with vision impairments."

49.     Each Defendant, in violation of 42 U.S.C. §12183 and 28 C.F.R. § 36.406, has failed to make its ATM banking services fully accessible and independently usable by blind persons.

## COUNT VI

## (Violation of the Massachusetts Public Accommodations Act)

50.     The allegations contained in the previous paragraphs are incorporated by reference.

12

51.     Plaintiffs Adrienne Asch, Jennifer Bose, Theresa Jeraldi and Philip Oliver and Organizational Plaintiffs' members are legally blind and recognized as a protected class under Mass. Gen. Laws ch. 272, § 98.

52.     Each Defendant owns, operates, controls and/or leases a place of public accommodation as defined by Mass. Gen. Laws ch. 272, § 92A.

53.     Each Defendant, in violation of Mass. Gen. Laws ch. 272, § 98, has failed to make its ATM banking services fully accessible and independently usable by individuals who are blind.

**COUNT VII**

**(Violation of the Massachusetts Equal Rights Act)**

54.     The allegations contained in the previous paragraphs are incorporated by reference.

55.     Plaintiffs Adrienne Asch, Jennifer Bose, Theresa Jeraldi and Philip Nathanial Oliver and Organizational Plaintiffs' members are legally blind and are recognized as a protected class under Mass. Const. amend. CXIV and under the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103(a).

56.     The banking services offered through E*TRADE and Cardtronics ATMs in Massachusetts constitute a program or activity under Mass. Const. amend. CXIV.

57.     Each Defendant has excluded blind people from the participation in and benefits of the banking services offered through E*TRADE and Cardtronics ATMs in Massachusetts and has subjected Plaintiffs to discrimination under Mass. Const. amend. CXIV and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103(a).

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

   (a)  exercise jurisdiction over this action;

   (b)  declare that the actions and inactions of Defendants E*TRADE Access, Inc., E*TRADE Bank and Cardtronics violate Title III of the ADA, 42 U.S.C. §§ 12182 and 12183, 28 C.F.R. § 36.101 *et seq.*, the Massachusetts Public Accommodations Act, Mass. Gen. Laws. ch. 272 §§ 92A and 98, and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103;

   (c)  enjoin each of the Defendants from continuing to violate the ADA and Massachusetts law and order all Defendants immediately to make the necessary modifications to the ATMs they own, operate, control and/or operate and lease, so that blind people may have access to and independently use these ATMs; and

   (d)  order such other relief as maybe just, equitable and appropriate, including an award of actual and punitive damages, reasonable attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12205, and Mass. Gen. Laws ch. 151B, §§ 5 and 9.


COMMONWEALTH OF
MASSACHUSETTS,
By its Attorneys,

*Patricia Correa/CMN*

Patricia Correa, BBO No. 560437
Assistant Attorney General
Director, Disability Rights Project
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
(617) 727-2200, ext. 2919

NFB, NFB-MASSACHUSETTS AND
THE INDIVIDUAL PLAINTIFFS,
By their Attorneys,

*Christine M. Netski*

Anthony Doniger, BBO No. 129420
Christine M. Netski, BBO No. 546936
Sugarman, Rogers, Barshak &
Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
(617) 227-3030

14

Daniel F. Goldstein
Sharon Krevor-Weisbaum
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
(410) 962-1030

355157

15

Dated:  March 18, 2005

## CERTIFICATE OF SERVICE

I, Christine M. Netski, hereby certify that on the above date I served the within document via electronic mail and first-class mail postage prepaid on the following counsel of record:

Patricia Correa, Esquire
Assistant Attorney General
Director, Disability Rights Project
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
patty.correa@ago.state.ma.us
Attorney for Plaintiff, Commonwealth of
Massachusetts


Daniel F. Goldstein, Esquire
Sharon Krevor-Weisbaum, Esquire
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
dfg@browngold.com
skw@browngold.com
Attorneys for Plaintiffs, National Federation
of the Blind, Inc., National Federation of
Blind of Massachusetts, Inc., Adrienne Asch,
Richard Downs, Theresa Jeraldi and Philip Oliver

Joseph L. Kociubes, Esquire
Rachel Splaine Rollins, Esquire
Jenny K. Cooper, Esquire
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02110
joe.kociubes@bingham.com
rachel.rollins@bingham.com
jenny.cooper@bingham.com
Attorneys for Defendants,
E*TRADE Access, Inc. and
E*TRADE Bank

Douglas P. Lobel, Esquire
David A. Vogel, Esquire
Arnold & Porter
1600 Tysons Boulevard
Suite 900
McLean, VA 22102
douglas_lobel@aporter.com
david_vogel@aporter.com
Attorneys for Defendants,
E*TRADE Access, Inc. and
E*TRADE Bank

Christine M. Netski

355157