United States District Court
District of Massachusetts

```
_____
                                    )
COMMONWEALTH OF MASSACHUSETTS,      )
NATIONAL FEDERATION OF THE          )
BLIND, INC., NATIONAL FEDERATION    )
OF THE BLIND OF MASSACHUSETTS,      )    Civil No.
INC., ADRIENNE ASCH, TERESA         )    03-11206-NMG
JERADLI, PHILIP OLIVER and          )
JENNIFER BOSE,                      )
          Plaintiffs,               )
                                    )
          v.                        )
                                    )
E*TRADE ACCESS, INC., E*TRADE       )
BANK, CARDTRONICS, INC.,            )
CARDTRONICS USA, INC. and           )
ELECTRONIC FUNDS TRANSFER           )
ASSOCIATION,                        )
          Defendants.               )
_____ )
```

**MEMORANDUM & ORDER**

GORTON, J.

This class-action was brought by the National Federation of the Blind, the Commonwealth of Massachusetts and other interested parties (collectively, "plaintiffs") under the Americans with Disabilities Act ("ADA") against defendant owners and operators of automated teller machines ("ATMs"). Plaintiffs demand that defendants make their ATMs accessible to the blind. In June, 2007, the parties agreed to work together to achieve compliance and entered into a Settlement Agreement. The Court approved the Settlement Agreement later that year and retained jurisdiction over the case to interpret and enforce it. After three years of

-1-

sporadic progress, the parties entered into and this Court approved a joint Remediation Plan setting forth more precise requirements and deadlines.

Plaintiffs' pending motion for contempt alleges that defendants have failed to meet all but one of the ten requirements set forth in the Remediation Plan and requests, inter alia, that the Court impose sanctions of $100 per month for every active Cardtronics-owned ATM that currently remains in non-compliance.  In their response and cross-motion, defendants claim that they have substantially complied with the Remediation Plan and have expended significant funds to do so.  They also assert that plaintiffs' motion itself breaches the "reasonableness" provision of the Remediation Plan.

I.   **Legal Analysis**

   A.   **Standard**

A district court may hold a party in civil contempt for violating a court order if 1) the party is aware that it is subject to the order, 2) the order is "clear and unambiguous" and 3) the violation is proved by clear and convincing evidence. Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991). While "good-faith efforts alone do not insulate a defendant in a contempt action," a district court may, if it chooses, decline to find a party in contempt where "diligent efforts result in substantial compliance with the underlying order." AccuSoft Corp.

v. Palo, 273 F.3d 31, 47 (1st Cir. 2001).  Whether a party has substantially complied with a court order depends on the particular circumstances of the case, including "the nature of the interest at stake and the degree to which compliance affects that interest." Id.

   **B.  Application**

   Civil contempt sanctions are warranted in this case. Defendants knew that they were subject to the Remediation Plan, which provided clear instructions for compliance, and they failed to comply fully with most of its requirements on or before the self-imposed deadlines.  Nor have defendants "substantially" complied with the Remediation Plan or demonstrated that they have made all reasonable efforts to do so.

   Instead of admitting their non-compliance and promising better effort, defendants disingenuously claim they have complied in spite of a plethora of evidence to the contrary.  Despite knowing that the Remediation Plan requires ATMs with "enhanced scripts" to enable voice guidance, defendants misleadingly report that 90% of their transactions in Massachusetts and 86% of their transactions nationwide now occur on voice-guided ATMs (while, in fact, only 65% and 51%, respectively, of such transactions are in compliance).  Defendants also deny that the Remediation Plan imposes the "onerous requirement" of inspecting all of its ATMs nationwide, despite unambiguous language in Paragraph 8 requiring

-3-

exactly that.  In March, 2011, defendants discontinued their practice of producing monthly inspection reports without notice to plaintiffs or authorization from the Court.

Defendants cite an array of exigent circumstances to justify their non-compliance and failure to meet deadlines.  While some unforeseen obstacles were to be expected, defendants have had four years to remedy them.  The deadlines they have consistently missed were, ironically, the ones they proposed in the first place. See Cobell v. Babbitt, 37 F. Supp. 2d 6, 10 (D.D.C. 1999) ("When a party participates in drafting the relevant order, it does (or is held to have done) so with an understanding of what it can reasonably accomplish.").  The compliance costs defendants have expended thus far, while considerable, do not assuage the Court because every ATM owner and operator in the country is required to incur similar expenses to update their machines to comply with federal law.

Plaintiffs have worked cooperatively with defendants over the past four years to achieve compliance and have, until now, elected the dispute resolution process over litigation in response to defendants' persistent intransigence.  Civil contempt is warranted when, as here, other means of compelling compliance have been tried without success. In re Att'y Gen. of the United States, 596 F.2d 58, 65 (2d Cir. 1979).

In a last-ditch effort to avoid sanctions, defendants promise that all remaining issues will be resolved by March 15,

-4-

2012.  The Court holds defendants to their word and issues a Shakespearean warning: beware the Ides of March.  If defendants do not achieve full compliance with the Remediation Plan on or before that date, they will be held in contempt and ordered to pay a fine of $50 per month for every ATM not in full compliance.

**ORDER**

In accordance with the foregoing, plaintiff's motion for contempt (Docket No. 290) is **ALLOWED**, in part, and **DENIED**, in part.  Defendants are directed:

1) to achieve full compliance with the Remediation Plan on or before March 15, 2012.  Such compliance shall include:

   a) the installation of enhanced scripts to enable voice guidance, tactilely discernable controls and appropriate signage on all Cardtronic-owned ATMs not located in 7-Eleven stores, and

   b) the inspection of all such ATMs to ensure that the newly installed features are in working condition;

2) to pay to plaintiffs reasonable attorneys' fees and costs incurred in connection with the filing and prosecution of this motion for contempt, the amount of which shall be determined by the Court after the submission by plaintiffs of supporting pleadings to which defendants may respond.

Defendants' cross-motion for enforcement of the settlement agreement (Docket No. 294) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 15, 2011

-5-