```
                    United States District Court
                      District of Massachusetts
_____
                                    )
COMMONWEALTH OF MASSACHUSETTS,      )
NATIONAL FEDERATION OF THE          )
BLIND, INC., NATIONAL FEDERATION    )
OF THE BLIND OF MASSACHUSETTS,      )    Civil No.
INC., ADRIENNE ASCH, TERESA         )    03-11206-NMG
JERADLI, PHILIP OLIVER and          )
JENNIFER BOSE,                      )
         Plaintiffs,                )
                                    )
         v.                         )
                                    )
E*TRADE ACCESS, INC., E*TRADE       )
BANK, CARDTRONICS, INC.,            )
CARDTRONICS USA, INC. and           )
ELECTRONIC FUNDS TRANSFER           )
ASSOCIATION,                        )
         Defendants.                )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendants own or operate approximately 47,500 ATMs nationwide. As part of a 2007 class action settlement and 2010 Remediation Plan, both of which were approved by this Court, defendants agreed to take certain steps to accommodate blind users. They have consistently failed to meet their agreed-upon deadlines and plaintiffs now move for the imposition of sanctions in accordance with this Court's prior warnings to defendant.

For the reasons that follow, plaintiffs' motion will be allowed and three of the four conditions proposed by plaintiffs will be imposed. The fourth condition, a monetary fine, will be

assessed in some significant amount but the exact amount will be determined on the basis of an upcoming hearing.

## I.  Background

This class-action was brought under the Americans with Disabilities Act ("ADA") by the National Federation of the Blind ("NFB") and the Commonwealth of Massachusetts against the defendant owners and operators of ATM machines to make those machines accessible to the blind.  In June, 2007, the parties entered into a Settlement Agreement requiring gradual but deliberate compliance with benchmarks leading toward complete access.  The Court approved the Settlement Agreement later that year and retained jurisdiction over the case to interpret and enforce it.  After three years of sporadic progress, the parties entered into and this Court approved a joint Remediation Plan which set forth more tangible requirements and deadlines.

In July, 2011, plaintiffs filed their first motion for contempt, alleging that defendants had failed to meet all but one of the ten requirements set forth in the Remediation Plan.  After extended briefing by defendants, in December, 2011, the Court concluded that defendants' failure to satisfy self-imposed deadlines first established by the 2007 Settlement Agreement and subsequently through the 2010 Remediation Agreement warranted civil sanctions. See Docket No. 308.

In spite of defendants' consistent failure to make good upon

its promises, the Court gave defendants until March 15, 2012 to comply fully with <u>all</u> of its obligations under the Remediation Agreement or face significant monetary sanctions. The Court specifically instructed defendants that compliance required defendants to install "enhanced scripts to enable voice guidance, tactilely discernable controls and appropriate signage" on all Cardtronic-owned ATMs not located in 7-Eleven stores and the "inspection of all such ATMs to ensure that the newly installed features are in working condition."

Plaintiffs filed this second motion for contempt in August, 2012. They allege that, yet again, defendants have failed to heed this Court's warning and have not complied with eight of the ten requirements imposed by the Remediation Plan. Several of the failures identified by plaintiffs include:

1) the classification of ATMs with text-to-speech capability as "voice-guided" for purposes of the Plan, apparently reversing defendant's prior position,

2) misleading correspondence from Cardtronics in March, 2012 that certified that their ATMs were 99.7% compliant, only to reverse that assurance in June, 2012 by identifying some 2,100 ATMs which had "operational issues" that rendered their voice guidance systems inoperable,

3) the acquisition of 9,100 new ATMs without requiring their compliance with the Remediation Plan, and,

4) perhaps most troubling, the failure to install Braille signage on all of its ATMs in accordance with the Plan despite this Court's specific instruction to do so.

As a result of these alleged failures, plaintiffs ask the Court to impose four sanctions: a) a fine of $50 per ATM per

month as forewarned by this Court in its December, 2011 order; b) appointment of a special master to monitor more closely the enforcement of the terms of the Plan; c) extension of the monthly reporting requirements through March 31, 2014; and d) payment of attorneys' fees and costs to plaintiffs.

Perhaps taking this Court's prior admonishments to heart, defendants concede that they have failed to comply with the Remediation Plan and, reflective of that failure, consent to the imposition of three of the four sanctions proposed by plaintiffs. Defendants urge the Court not to impose monetary sanctions or at least to defer imposition thereof until a special master can make more specific findings regarding the extent to which sanctions are merited.  In particular, defendants purport to have worked toward compliance with the Plan in good faith.

## II.  Legal Analysis

This Court has already found that civil sanctions are warranted (per its December, 2011 order) but granted defendants' request for a three-month reprieve on the basis of their assurance that they would be in compliance by March 15, 2012. Defendants' continued failure to satisfy their obligations to plaintiffs and to this Court leave it with no alternative but to impose civil sanctions.

Consistent with the Court's earlier finding, sanctions remain warranted because:

1)  defendants have long been aware that they are subject to the conditions and deadlines contained within the Remediation Plan;

2)  they have had multiple opportunities to understand and implement the requirements of the Plan; and

3)  having conceded their failure to meet at least some of the requirements imposed by the Plan, the defendants' violation is clear and they must be prepared to face the consequences.

See Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991) (listing three requirements for civil contempt finding).

Because the extent of defendants' violation remains to be ascertained, the Court will convene a hearing before determining the amount of the monetary fine to be levied.

The Court will otherwise impose the conditions agreed to by defendants, i.e. the extension of reporting requirements until at least March, 2014, the appointment of a special master to insure compliance with the Remediation Plan and the payment of reasonable attorneys' fees and costs associated with the filing of this motion.

## ORDER

In accordance with the foregoing, plaintiffs' second motion for contempt (Docket No. 312) is **ALLOWED,** subject to further specificity to be determined after an upcoming hearing.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated March 21, 2013